IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40329
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

HANK ERWIN RICHARDSON,

                                        Defendant-Appellant.
_____

            Appeal from the United States District Court for the
                          Eastern District of Texas
                          USDC No. 1:95-CR-90-1
_____

                          January 7, 1997
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Hank Erwin Richardson appeals his convictions of conspiracy to distribute and possession with intent to distribute cocaine and failure to file an income tax return. He contends that the district court abused its discretion in failing to suppress evidence of a search because the warrant was based on "stale" information, erred in its determination of the amount of drugs involved in the offense, erred in rejecting an accountant/client

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

privilege, and erred in denying his motion for acquittal.  Our review of the record and the arguments and authorities convince us that no reversible error was committed.  The information contained in the application for the warrant was not stale.  <u>United States v. Freeman</u>, 685 F.2d 942, 951-52 (5th Cir. 1982).  The district court did not clearly err in its determination of the amount of drugs attributable to Richardson.  <u>Maseratti</u>, 1 F.3d 330, 340 (5th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1129, 114 S.Ct. 1096, and 115 S.Ct. 282 (1994).  This court does not recognize an accountant/client privilege.  <u>United States v. El Paso, Co.</u>, 682 F.2d 530, 540 (5th Cir. 1982), <u>cert. denied</u>, 466 U.S. 944 (1984).  The evidence was sufficient to support the conspiracy conviction.  <u>United States v. Casel</u>, 995 F.2d 1299, 1306 (5th Cir.), <u>cert. denied</u>, 510 U.S. 978 (1993).

A F F I R M E D.